**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | * | |
| Plaintiff, | * | Case No. 8:26-cv-02678-JRR |
| v. | * | |
| NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * *

**DEFENDANT'S ANSWER TO COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, the National Oceanic and Atmospheric Administration ("Defendant" or "NOAA"), by and through undersigned counsel, Kelly O. Hayes, United States Attorney for the District of Maryland, and Megan L. Micco, Assistant United States Attorney for that District, hereby answers the Complaint for Declaratory and Injunctive Relief (ECF No. 1) (the "Complaint") filed by Plaintiff, the Center for Biological Diversity ("Plaintiff"), on July 7, 2026. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents. However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in

this, or any other, action. Defendant responds to the Complaint in corresponding, numbered Paragraphs[1] as follows:

**INTRODUCTION**

1. Paragraph 1 contains Plaintiff's characterization of this action and legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this action under the FOIA. Except as expressly admitted, Defendant denies the allegations in Paragraph 1. Defendant further denies any violation of the FOIA.

2. Paragraph 2 contains Plaintiff's characterization of the FOIA request at issue in this litigation, and an advance notice of proposed rulemaking, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA request and the advance notice of proposed rulemaking for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

3. The allegations contained in Paragraph 3 do not set forth a claim for relief or aver facts in support of a claim under the FOIA, and thus, no response is required. The Court should strike these allegations as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

4. The allegations contained in the first sentence of Paragraph 4 do not set forth a claim for relief or aver facts in support of a claim under the FOIA, and thus, no response is required. The Court should strike these allegations as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f). In response to the second sentence of Paragraph 4, Defendant avers

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

that NOAA is an operating unit within the Department of Commerce, and the National Marine Fisheries Service ("NMFS" or "NOAA Fisheries") is a line office within NOAA responsible for stewardship of the nation's ocean resources and their habitat. Defendant further avers that, on October 10, 2008, NMFS issued the *Final Rule to Implement Speed Restrictions to Reduce the Threat of Ship Collisions With North Atlantic Right Whales*, 73 Fed. Reg. 60173 (Oct. 10, 2008). The remainder of the second sentence in Paragraph 4 contains Plaintiff's characterization of the final rule. Defendant respectfully refers the Court to that rule for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

5. The allegations contained in Paragraph 5 do not set forth a claim for relief or aver facts in support of a claim under the FOIA, and thus, no response is required. The Court should strike these allegations as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

6. Paragraph 6 contains Plaintiff's characterization of Defendant's *Advance Notice of Proposed Rulemaking to Amend the North Atlantic Right Whale Vessel Strike Reduction Rule*, 91 Fed. Reg. 10580 (Mar. 4, 2026). Defendant respectfully refers the Court to that notice for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7. Defendant admits only that Plaintiff submitted a FOIA request to NOAA on February 12, 2026. The remaining allegations in Paragraph 7 contain Plaintiff's characterization of the February 12, 2026 FOIA request, Plaintiff's reasons for submitting it, and the FOIA. Defendant respectfully refers the Court to the February 12, 2026 FOIA request and to the FOIA statute for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief

regarding Plaintiff's reasons for submitting the FOIA request and denies the allegations on that basis.

8. Defendant admits only that, as of the date the Complaint was filed, it had not made a final determination on Plaintiff's February 12, 2026 request. Defendant avers that, in April 2026, it attempted to make a first interim release of documents to Plaintiff responsive to Plaintiff's February 12, 2026 FOIA request but learned later that its FOIA management system was experiencing technical issues and was not sending out communications or productions of records to requesters. Defendant further avers that, on August 28, 2026, it made a first interim release of documents responsive to Plaintiff's February 12, 2026 FOIA request. This release consisted of 82 records, 78 of which were released in full, and 4 of which were released with partial redactions. Defendant avers that, on or about June 26, 2026, the Department of Commerce received a FOIA appeal from Plaintiff, which included a letter dated May 27, 2026, and admits that the Department of Commerce has not issued a final determination on that appeal. The remainder of this Paragraph contains legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

9. Paragraph 9 contains Plaintiff's characterization of the FOIA, Plaintiff's reasons for submitting the February 12, 2026 FOIA request, and legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's reasons for submitting the FOIA request and denies the allegations on that basis.

10. Paragraph 10 contains Plaintiff's characterization of this action and the relief sought, to which no response is required. To the extent a response is deemed required, Defendant denies any violation of the FOIA and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## JURISDICTION AND VENUE

11. Paragraph 11 contains Plaintiff's legal arguments or legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.

12. The first, third, and fourth sentences of Paragraph 12 contain Plaintiff's legal arguments or legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA. In response to the second sentence of Paragraph 12, Defendant avers that NOAA Fisheries is a line office within NOAA and is headquartered in Silver Spring, Maryland.

13. Paragraph 13 contains legal arguments or legal conclusions regarding relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to the relief requested. Defendant avers that the Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

14. Paragraph 14 contains legal arguments or legal conclusions regarding relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to the relief requested.

**PARTIES**

15. Paragraph 15 contains Plaintiff's characterization about itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.[2]

16. The first sentence of Paragraph 16 contains legal arguments or legal conclusions, to which no response is required, and Plaintiff's characterization of its reasons for submitting the February 12, 2026 FOIA request, about which Defendant lacks knowledge or information sufficient to form a belief. The second sentence of Paragraph 16 contains Plaintiff's characterization of Defendant's *Advance Notice of Proposed Rulemaking to Amend the North Atlantic Right Whale Vessel Strike Reduction Rule*, 91 Fed. Reg. 10580 (Mar. 4, 2026). Defendant respectfully refers the Court to that notice for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The third sentence of Paragraph 16 contains Plaintiff's characterization of itself, about which Defendant lacks knowledge or information sufficient to form a belief.

17. Paragraph 17 contains Plaintiff's characterizations of itself and of its reasons for submitting the February 12, 2026 FOIA request. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations, and denies them on that basis. The remaining allegations in this Paragraph contain legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies any violation of the FOIA and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

18. Defendant avers that it is an operating unit within the Department of Commerce and that NOAA Fisheries is a subagency within NOAA. Defendant further avers that NOAA

[2] Pursuant to Federal Rule of Civil Procedure 8(b)(5), this response "has the effect of a denial."

Fisheries is responsible for stewardship of the nation's ocean resources and their habitat. Defendant admits that it is a Federal Agency subject to the FOIA. The remaining allegations in this Paragraph contain legal arguments or legal conclusions, to which no response is required.

**STAUTORY BACKGROUND**

19–29. These Paragraphs contain Plaintiff's characterizations of the FOIA and legal arguments or legal conclusions, to which no response is required. Defendant respectfully refers the Court to the FOIA for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant denies any violation of the FOIA.

**STATEMENT OF FACTS**

30–36. These Paragraphs contain Plaintiff's characterizations of the *Final Rule to Implement Speed Restrictions to Reduce the Threat of Ship Collisions With North Atlantic Right Whales*, 73 Fed. Reg. 60173 (Oct. 10, 2008). Defendant respectfully refers the Court to that rule for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

37. Paragraph 37 contains Plaintiff's characterizations of *Proposed Rule To Eliminate the Expiration Date in the Final Rule To Reduce the Threat of Ship Collisions With North Atlantic Right Whales*, 78 Fed. Reg. 34024 (June 6, 2013), and *Final Rule To Remove the Sunset Provision of the Final Rule Implementing Vessel Speed Restrictions to Reduce the Threat of Ship Collisions With North Atlantic Right Whales*, 78 Fed. Reg. 73726 (Dec. 9, 2013), a proposed and final rule. Defendant respectfully refers the Court to the proposed rule and the final rule for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

38. The first two sentences of Paragraph 38 contain Plaintiff's characterizations of *Amendments to the North Atlantic Right Whale Vessel Strike Reduction Rule*, 87 Fed. Reg. 46921

(Aug. 1, 2022). Defendant respectfully refers the Court to that proposed rule for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant admits the allegations in the third sentence of Paragraph 38. The fourth sentence of Paragraph 38 contains Plaintiff's characterization of a Federal Register notice, *North Atlantic Right Whale Vessel Strike Reduction Rule*, 90 Fed. Reg. 4711 (Jan. 16, 2025). Defendant respectfully refers the Court to that notice for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40–43. Defendant admits only that, on February 12, 2026, Plaintiff submitted a FOIA request to NOAA. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

44. Admitted.

45. Defendant admits it sent an email to Plaintiff on February 13, 2026, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

46. Defendant admits it sent a letter to Plaintiff on February 13, 2026, respectfully refers the Court to the letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

47. Paragraph 47 contains Plaintiff's characterization of *Advance Notice of Proposed Rulemaking to Amend the North Atlantic Right Whale Vessel Strike Reduction Rule*, 91 Fed. Reg. 10580 (Mar. 4, 2026). Defendant respectfully refers the Court to that proposed rule for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

48. Defendant admits that it received an email from Plaintiff on March 31, 2026, regarding the February 12, 2026 FOIA request; respectfully refers the Court to that email for a complete and accurate statement of its contents; and denies any allegations inconsistent therewith.

49. Defendant admits that it received an email from Plaintiff on April 8, 2026, regarding the February 12, 2026 FOIA request; respectfully refers the Court to that email for a complete and accurate statement of its contents; and denies any allegations inconsistent therewith.

50. Defendant admits that it sent an email to Plaintiff on April 16, 2026, regarding the February 12, 2026 FOIA request; respectfully refers the Court to that email for a complete and accurate statement of its contents; and denies any allegations inconsistent therewith.

51. Defendant admits that, on April 17, 2026, it received two emails from Plaintiff regarding the February 12, 2026 FOIA request; respectfully refers the Court to those emails for a complete and accurate statement of their contents; and denies any allegations inconsistent therewith.

52. Defendant admits that it sent an email to Plaintiff on April 20, 2026, regarding the February 12, 2026 FOIA request; respectfully refers the Court to that email for a complete and accurate statement of its contents; and denies any allegations inconsistent therewith.

53. Defendant admits that it sent an email to Plaintiff on April 27, 2026, regarding the February 12, 2026 FOIA request; respectfully refers the Court to that email for a complete and accurate statement of its contents; and denies any allegations inconsistent therewith.

54. Defendant admits that, on April 27, 2026, it received an email from Plaintiff regarding the February 12, 2026 FOIA request; respectfully refers the Court to that email for a complete and accurate statement of its contents; and denies any allegations inconsistent therewith.

55. Defendant avers that, on or about June 26, 2026, the Department of Commerce received a FOIA appeal from Plaintiff, which included a letter dated May 27, 2026. Defendant respectfully refers the Court to the appeal for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

56. Defendant avers that, on or about June 26, 2026, the Department of Commerce received a FOIA appeal from Plaintiff, which included a letter dated May 27, 2026. Defendant respectfully refers the Court to the appeal for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

57. Paragraph 57 contains legal arguments or legal conclusions, to which no response is required.

58. Defendant admits only that, as of the date the Complaint was filed, it had not made a final determination on Plaintiff's February 12, 2026 request. The remaining allegations in this Paragraph contain legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

59. Defendant avers that, in April 2026, it attempted to make a first interim release of documents to Plaintiff responsive to Plaintiff's February 12, 2026 FOIA request, but later learned that its FOIA management system was experiencing technical issues and was not sending out communications or productions of records to requesters. Defendant further avers that, on August 28, 2026, it made a first interim release of documents responsive to Plaintiff's February 12, 2026 FOIA request. This release consisted of 82 records, 78 of which were released in full, and 4 of which were released with partial redactions.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Defendant Failed to Comply with FOIA's Mandatory Determination Deadline**

60. Defendant incorporates by reference its responses to all preceding Paragraphs as though fully set forth herein.

61. Defendant admits only that Plaintiff submitted a FOIA request on February 12, 2026. The remaining allegations in this Paragraph contain legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

62–63. These Paragraphs contain legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

64. Defendant avers that the Department of Commerce, not NOAA, issues final determinations on FOIA appeals. 5 C.F.R. § 4.10(b). The remainder of this Paragraph contains legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegation and denies any violation of the FOIA.

65–68. These Paragraphs contain legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Paragraph 70 contains legal arguments or legal conclusions and Plaintiff's characterization of the relief sought, to which no response is required. To the extent a response is

deemed required, Defendant denies the allegations, denies any violation of the FOIA, and denies that Plaintiff is entitled to the requested relief.

## SECOND CLAIM FOR RELIEF

### Defendant Failed to Conduct an Adequate Search for Responsive Records

71. Defendant incorporates by reference its responses to all preceding Paragraphs as though fully set forth herein.

72–75. These Paragraphs contain legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

76. Paragraph 76 contains legal arguments or legal conclusions and Plaintiff's characterization of the relief sought, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations, denies any violation of the FOIA, and denies that Plaintiff is entitled to the requested relief.

## THIRD CLAIM FOR RELIEF

### Defendant Failed to Promptly Disclose All Responsive Records

77. Defendant incorporates by reference its responses to all preceding Paragraphs as though fully set forth herein.

78–81. These Paragraphs contain legal arguments or legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

82. Paragraph 82 contains legal arguments or legal conclusions and Plaintiff's characterization of the relief sought, to which no response is required. To the extent a response is

deemed required, Defendant denies the allegations, denies any violation of the FOIA, and denies that Plaintiff is entitled to the requested relief.

## PRAYER FOR RELIEF

The remaining Paragraphs in the Complaint set forth Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies any allegations contained in or implied by Plaintiff's prayer for relief Paragraph and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant raises the following affirmative defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the affirmative defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly imposed upon Plaintiff.

1. This Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

2. Defendant has not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof, may be exempt from disclosure. 5 U.S.C. § 552(b).

3. Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exemptions or exclusions enumerated in the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

4. Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

5. Plaintiff's FOIA requests are improper to the extent they are unduly burdensome or do not reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A).

6. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

7. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

8. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, the Complaint violates Federal Rule of Civil Procedure 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

Dated: September 18, 2026

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: */s/ Megan L. Micco*

Megan L. Micco (Bar No. 20936)
Assistant United States Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone: (410) 209-4800
Megan.Micco@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2026, a copy of the foregoing Defendant's Answer to Complaint for Declaratory and Injunctive Relief was served electronically on all parties receiving service via CM/ECF in this case.

*/s/ Megan L. Micco*

Megan L. Micco (Bar No. 20936)
Assistant United States Attorney